# EXHIBIT "A"

**HCDistrictclerk.com**     GARCIA, IMELDA (INDIVIDUALLY AND ON BEHALF      6/2/2016
                            OF THE vs. KARISSA HEALTH CARE, LLC (D/B/A
                            BRIDGECREST REHABI
                            Cause: 201617535      CDI: 7     Court: 157

### DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 70296368 | Citation | | 05/18/2016 | 2 |
| 70296372 | Citation | | 05/18/2016 | 2 |
| 69847019 | Letter Requesting Service | | 04/18/2016 | 1 |
| 69447353 | Plaintiffs' Original Petition | | 03/17/2016 | 13 |
| 69447354 | civil case information sheet | | 03/17/2016 | 2 |

3/17/2016 4:16:56 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9665288
By: Carla Carrillo
Filed: 3/17/2016 4:16:56 PM

## 2016-17535 / Court: 157

CAUSE NO. _____

| | | |
|---|---|---|
| IMELDA GARCIA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ELOISA GARCIA, DECEASED, ANNA GARCIA, GRACIE VELA, HERMELINDA GARCIA, MARIA JUAREZ, MICHAEL CAVAZOS, NOEMI FUENTEZ, and ZENAIDA CERDA, | § § § § § § § § | IN THE DISTRICT COURT |
| **Plaintiffs,** | § § | |
| v. | § § | _____ JUDICIAL DISTRICT |
| KARISSA HEALTH CARE, LLC d/b/a BRIDGECREST REHABILITATION SUITES and THI OF TEXAS, LLC, | § § § § | |
| **Defendants.** | § | HARRIS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

COME NOW, Plaintiffs IMELDA GARCIA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ELOISA GARCIA, DECEASED, ANNA GARCIA, GRACIE VELA, HERMELINDA GARCIA, MARIA JUAREZ, MICHAEL CAVAZOS, NOEMI FUENTEZ, and ZENAIDA CERDA (collectively, "Plaintiffs") and bring this action against Defendants KARISSA HEALTH CARE, LLC d/b/a BRIDGECREST REHABILITATION SUITES and THI OF TEXAS, LLC (collectively, "Defendants") seeking actual damages for medical negligence that resulted in severe injuries and the untimely death of Plaintiffs' mother, Eloisa Garcia.

### I. SUMMARY OF CASE

This is a case about the inexcusable neglect of Plaintiffs' mother, Eloisa Garcia, who was a resident in the the Bridgecrest Rehabilitation Suites nursing home. While Ms. Garcia was a resident at the facility, the nursing and medical staff provided minimal monitoring of her, failed

to adequately monitor her respiratory functions, and failed to timely address changes in her

medical condition.  Even though Ms. Garcia was on breathing treatments and mediations for her

respiratory condition, the nursing and medical staff failed to timely provide these treatments and

medications. As a result, Ms. Garcia developed aspiration pneumonia, which later developed into

sepsis, an infection of the blood, and then septic shock.  On July 6, 2015, Ms. Garcia was rushed

from the nursing home to East Houston Medical Center unresponsive and in critical condition.

Unfortunately, Ms. Garcia was never able to recover from her injuries. Ms. Garcia died on July

8, 2015 due to septic shock from aspiration pneumonia.

## II.  DISCOVERY CONTROL PLAN DESIGNATION

1.     Plaintiffs intend that a Level 3 Discovery Control Plan govern this action in

accordance with Texas Rule of Civil Procedure 190.4.

## III.  PARTIES

2.     Plaintiff Imelda Garcia is an individual who resides in Texas.  In accordance with

Section 30.014 of the Texas Civil Practice & Remedies Code, the last three digits of Plaintiff's

driver's license number are 368 and the last three digits of Plaintiff's social security number are

393.  Plaintiff is a surviving daughter of Eloisa Garcia, Decedent, and brings this lawsuit

individually, as a wrongful death action, and as a survival action as the representative of the

Estate of Decedent.

3.     Decedent would have been entitled to bring a suit for damages had she lived

4.     Anna Garcia is an individual who resides in Texas.  In accordance with Section

30.014 of the Texas Civil Practice & Remedies Code, the last three digits of Plaintiff's driver's

license number are 032 and the last three digits of Plaintiff's social security number are 193.

Plaintiff is a surviving daughter of Eloisa Garcia, Decedent, and brings this lawsuit individually,

as a wrongful-death action.

     5.       Gracie Vela is an individual who resides in Texas.  In accordance with Section 30.014 of the Texas Civil Practice & Remedies Code, the last three digits of Plaintiff's driver's license number are 000 and the last three digits of Plaintiff's social security number are 558. Plaintiff is a surviving daughter of Eloisa Garcia, Decedent, and brings this lawsuit individually, as a wrongful-death action.

     6.       Hermelinda Garcia is an individual who resides in Texas.  In accordance with Section 30.014 of the Texas Civil Practice & Remedies Code, the last three digits of Plaintiff's driver's license number are 584 and the last three digits of Plaintiff's social security number are 183.  Plaintiff is a surviving daughter of Eloisa Garcia, Decedent, and brings this lawsuit individually, as a wrongful-death action.

     7.       Maria Juarez is an individual who resides in Texas.  In accordance with Section 30.014 of the Texas Civil Practice & Remedies Code, the last three digits of Plaintiff's driver's license number are 798 and the last three digits of Plaintiff's social security number are 591. Plaintiff is a surviving daughter of Eloisa Garcia, Decedent, and brings this lawsuit individually, as a wrongful-death action.

     8.       Michael Cavazos is an individual who resides in Texas.  In accordance with Section 30.014 of the Texas Civil Practice & Remedies Code, the last three digits of Plaintiff's driver's license number are 837 and the last three digits of Plaintiff's social security number are 365.  Plaintiff is a surviving son of Eloisa Garcia, Decedent, and brings this lawsuit individually, as a wrongful-death action.

     9.       Noemi Fuentez is an individual who resides in Texas.  In accordance with Section 30.014 of the Texas Civil Practice & Remedies Code, the last three digits of Plaintiff's driver's

license number are 939 and the last three digits of Plaintiff's social security number are 061. Plaintiff is a surviving daughter of Eloisa Garcia, Decedent, and brings this lawsuit individually, as a wrongful-death action.

10.     Zenaida Cerda is an individual who resides in Texas.  In accordance with Section 30.014 of the Texas Civil Practice & Remedies Code, the last three digits of Plaintiff's driver's license number are 277 and the last three digits of Plaintiff's social security number are 860. Plaintiff is a surviving daughter of Eloisa Garcia, Decedent, and brings this lawsuit individually, as a wrongful-death action.

11.     Defendant Karissa Health Care, LLC d/b/a Bridgecrest Rehabilitation Suites is a Delaware limited partnership with its principal place of business located at 7001 Blvd. 26, Suite 201, North Richland Hills, Texas 76180.  During the relevant period of time, Defendant owned, operated, and/or controlled the Bridgecrest Rehabilitation Suites skilled nursing facility, located at 14100 Karissa Court, Houston, Texas 77049 ("Bridgecrest").  This Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company.

12.     Defendant THI of Texas, LLC is a Delaware limited liability company with its principal place of business located at 930 Ridgebrook Road, Sparks Maryland 21152.  During the relevant period of time, Defendant exercised management and operational control over the Bridgecrest Rehabilitation Suites skilled nursing facility at which Decedent was a resident, as well as employing, training, and supervising various nursing and medical staff involved in Decedent's medical care and treatment.  This Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company.

**PLAINTIFFS' ORIGINAL PETITION –**                                          **PAGE 4**

## IV.  JURISDICTION AND VENUE

13.     Subject-matter jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional threshold of this Court.

14.     The Court has personal jurisdiction over Defendants because the acts complained of were committed by Defendants in Harris County, Texas and arise from Defendants' business in Texas.

15.     Venue is proper in Harris County Texas in accordance with TEX. CIV. PRAC. & REM. CODE §15.002(a) because all or a substantial part of the acts or omissions giving rise to the claims in this lawsuit occurred in Harris County, Texas.  Further, under TEX. CIV. PRAC. & REM. CODE §15.005 because venue in Harris County is proper as to one Defendant, venue is proper as to all Defendants.

## V.  FACTS APPLICABLE TO ALL COUNTS

16.     On June 17, 2015, Eloisa Garcia, decedent, was first admitted as a resident at the Bridgecrest skilled nursing facility.  Prior to her admission, Ms. Garcia had resided at Montebello nursing home.  Ms. Garcia was transferred to Bridgecrest to receive a higher level of care and for closer monitoring and evaluation of her Chronic Obstructive Pulmonary Disease ("COPD") and other medical conditions.

17.     At the time of her admission into Bridgecrest, Ms. Garcia was evaluated and her ongoing medical needs related to her COPD, respiratory care, and other activities of daily living were noted.  Unfortunately, the medical and nursing staff at Bridgecrest failed to closely monitor Ms. Garcia and failed to evaluate her respiratory condition on a regular basis.  As a result, within approximately one week, Ms. Garcia was transferred to East Houston Medical Center in respiratory distress.  Ms. Garcia was treated at East Houston Medical Center for acute

exacerbation of her COPD, shortness of breath, and respiratory distress.

18.    Ms. Garcia was treated at East Houston Medical Center until June 29, 2015, by

which time she had improved enough to be transferred back to Bridgecrest with specific orders

for continued outpatient respiratory care and evaluation.

19.    However, as with her initial admission, upon Ms. Garcia's readmission the

medical and nursing staff again failed to closely monitor her respiratory needs when she came

back to the facility.  Upon her readmission, Ms. Garcia's respiratory functions began to decline

again and she began to have difficulty breathing. Unfortunately, Ms. Garcia was not provided

prompt treatment or evaluation of her declining respiratory function, including needed

medications and breathing treatments.

20.    On July 6, 2015, Ms. Garcia began to have severe shortness of breath, distress,

and was unable to communicate with the nursing staff due to her inability to breathe.  Despite

this, the nursing staff failed to implement immediate actions to relieve Ms. Garcia's inability to

breathe, including failing to notify her physician, failing to immediately transfer her to an acute

care hospital, and failing to follow up and closely monitor her condition upon the first sign of

respiratory distress.  In fact, due to her respiratory distress, the facility's nursing staff decided to

not administer needed mediation or breathing treatments to Ms. Garcia.

21.    That same day, Ms. Garcia was rushed from Bridgecrest back to East Houston

Medical Center unresponsive and in critical condition.  Ms. Garcia was intubated, placed on

mechanical ventilation, and admitted into the hospital's intensive care unit.  Upon examination at

East Houston Medical Center, it was determined that she was suffering from aspiration

pneumonia that had progressed to sepsis, which is a life-threatening infection of the blood, and

septic shock.  Because of her critical condition, Ms. Garcia was never able to regain

consciousness.

22.     Ms. Garcia died just a few days later, on Jul7 8, 2015, of septic shock from

aspiration pneumonia.  Ms. Garcia died as a direct result of the inadequate care and treatment

that she received from Bridgecrest.

## VI.  CAUSES OF ACTION

COUNT ONE:   MEDICAL NEGLIGENCE – KARISSA HEALTH CARE, LLC.

23.     Plaintiffs hereby incorporate and reallege the matters set forth in the preceding

paragraphs as if set forth at length.

24.     During the relevant period of time, Karissa Health Care, LLC owned and operated

the Bridgecrest Rehabilitation Suites medical facility and is a health-care provider licensed by

the State of Texas to provide health care.  Defendant provided health care to Decedent, and at all

times relevant there existed a physician-patient relationship between Defendant and Decedent.

As such Defendant is considered health-care institution under the Texas Civil Practice &

Remedies Code.

25.     Defendant owed Decedent a legal duty of care to act as reasonably prudent health-

care providers would act under the same or similar circumstances, including but not limited to

exercising that degree of care required by Decedent's known physical and mental condition.

26.     Through Defendant's agents, employees and representatives, Defendant breached

the applicable standard of care while providing medical care and treatment to Decedent by

engaging in numerous improper acts and omissions including but not limited to the following:

a.     Failing to properly monitor, evaluate, and re-evaluate Decedent's known physical
       condition, including her respiratory function, chronic obstructive pulmonary
       disease, and breathing;

b.     Failing to properly and timely observe, assess, evaluate, and/or treat Decedent,
       including promptly treating her her respiratory medical needs, chronic obstructive

PLAINTIFFS' ORIGINAL PETITION –                                              PAGE 7

pulmonary disease, and breathing, as well as administering physician-ordered breathing treatments and related medications to Decedent;

c.   Failing to create, implement, and monitor an appropriate care plan that took into consideration Decedent's known physical condition and needs;

d.   Failing to properly train, monitor, supervise, and oversee its employees, agents, and staff to ensure that proper respiratory treatments and medications were provided to residents with respiratory medical needs such as Decedent;

e.   Failing to formulate and institute proper policies and procedures for the care and treatment of patients such as Decedent with known medical conditions, and failing to properly train its employees and agents on such proper policies and procedures;

f.   Failing to exercise reasonable care in the selection and maintenance of its medical and nursing staff;

g.   Failing to properly supervise its employees, agents, and staff; and

h.   Failing to ensure that appropriate levels of staffing and training of staff were provided for the care and treatment of patients, including Decedent, and that sufficient funds were budgeted and expended on staff, training or staff, medical supplies, and medical care and treatment for Decedent.

27.   As outlined above, Defendant failed to meet the applicable standards of care that Defendant owed to Decedent, and this failure was a proximate cause of severe damages suffered by Plaintiffs and Decedent.

**COUNT TWO: VICARIOUS LIABILITY – ALL DEFENDANTS.**

28.   Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

29.   Defendants employed, trained, supervised, and/or monitored various medical and nursing staff that provided medical care and treatment to Decedent while she was a resident at the Bridgecrest nursing home facility.

30.   Defendants are each responsible for the acts and/or omissions of their respective agents, ostensible agents, servants, employees, contractors, and representatives during the care

**PLAINTIFFS' ORIGINAL PETITION –**                                                                 **PAGE 8**

and treatment of Decedent under various theories of vicarious liability, including but not limited to the doctrines of actual authority, apparent authority, *respondeat superior*, and ratification.

31. ***Respondeat Superior*** - At all relevant times, Defendants' agents, employees, and representatives that rendered care and treatment to Decedent were acting within the course and scope of their employment and/or agency with Defendants, in furtherance of Defendants' business, and for the accomplishment of the object for which they were hired and/or employed. Decedent was injured as the result of medical negligence committed by Defendants' respective agents, employees, and representatives that rendered care and treatment to Decedent.

32. ***Actual Authority*** - At all relevant times, Defendants intentionally conferred authority on their agents, intentionally allowed their agents to believe that they had the proper authority, or, through the lack of due care, allowed their agents to believe that they had the proper authority, to act on Defendant's behalf in the care and treatment of Decedent. Decedent was injured as the result of medical negligence committed by Defendants' respective agents, employees, and representatives while acting within the scope of their respective agency with Defendants.

33. ***Apparent Authority*** – At all relevant times, Defendants affirmatively held out their respective agents, employees, and representatives that rendered care and treatment to Decedent as having authority to act on their behalf, knowingly permitted its respective agents, employees, and representatives to hold themselves out as having property authority, or acted with such a lack of ordinary care as to clothe their agents, employees, and representatives with the indicia of authority. Defendants' conduct caused Decedent to believe that Defendants' agents, employees, and representatives had the authority to act on Defendants' behalf, and Decedent justifiably relied upon Defendants' agents, employees, and representatives' authority.

34.    *Ratification* – Defendants are also vicariously liable for the acts and/or omissions of their respective agents, employees, and representatives acting outside the scope of their authority because Decedent was injured by Defendants' agents or non-agents who provided medical care and treatment to Decedent.  Defendants' agents and/or non-agents engaged in improper acts and/or omissions on behalf of Defendants, Defendants approved these acts and omissions by word, act, or conduct after acquiring full knowledge of the alleged acts and/or omissions, and Defendants gave approval with the intention of giving validity to the acts and/or omissions of their agents, employees, and representatives.

## VII.  DAMAGES

35.    Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

36.    Defendants' breach of duty proximately caused injuries to Plaintiffs and Decedent, which resulted in the following damages to Plaintiffs and the Estate of Decedent:

**Wrongful-Death Action Damages**

a.    Mental anguish in the past and future;
b.    Loss of companionship and society in the past and future;
c.    Pecuniary losses;
d.    Loss of household services in the past and future;
e.    Loss of companionship and society;
f.    Loss of inheritance; and
g.    Funeral expense reimbursement.

**Survival Action Damages**

a.    Pain and suffering of Decedent;
b.    Mental anguish of Decedent;
c.    Physical impairment of Decedent;
d.    Past medical expenses incurred for Decedent's treatment; and
e.    Funeral expenses incurred by Decedent's estate.

## VIII.  EXEMPLARY DAMAGES

**PLAINTIFFS' ORIGINAL PETITION –**                                      **PAGE 10**

37.    Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

38.    As outlined above, Defendant Karissa Health Care, LLC's acts and omissions constitute conscious disregard for the safety and welfare of patients, including Decedent.  With actual notice of Decedent's physical condition and medical needs, this Defendant failed to exercise even the basic level of proper care, failed to ensure that adequate and properly trained staff treated and monitored Decedent, and failed to ensure that sufficient funds were allocated and expended on staffing and care of patients such as Decedent.  In short, Defendant placed profits over its patients.  Defendant's conscious disregard for its patients and its decision to place profits over patients resulted in severe injuries to Decedent and Plaintiffs.

39.    Because Defendant's actions were fraudulent, malicious, and/or grossly negligent, Plaintiffs request that exemplary damages be awarded against Defendant Karissa Health Care, LLC in a sum within the jurisdictional limits of the Court.

## IX.  DEMAND FOR JURY TRIAL

40.    Plaintiffs demand a trial by jury and tender the appropriate fee with this petition.

## X.  REQUEST FOR RULE 194 DISCLOSURES

41.    Plaintiffs request that Defendants disclose to Plaintiffs, within fifty (50) days of service of this request, the information or materials described in Rule 194.2 of the Texas Rules of Civil Procedure.  Defendants may comply with this request by mailing copies of the documents and information required by Rule 194.2 to Patrick Powers, lead counsel, at Powers Taylor, LLP, 8150 N. Central Expressway, Suite 1575, Dallas, Texas 75206.  In accordance with Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby inform Defendants of their intent to use any and all documents produced by Defendants in discovery in this matter at any pre-trial

proceeding and/or trial.

## XI. CONDITIONS PRECEDENT

42.     Plaintiffs have fully performed all conditions precedent to this action, including but not limited to providing Defendants with written notice of Plaintiffs' claims.

## XII. REQUEST FOR RELIEF AND PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs IMELDA GARCIA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ELOISA GARCIA, DECEASED, ANNA GARCIA, GRACIE VELA, HERMELINDA GARCIA, MARIA JUAREZ, MICHAEL CAVAZOS, NOEMI FUENTEZ, and ZENAIDA CERDA respectfully request and pray that Defendants KARISSA HEALTH CARE, LLC d/b/a BRIDGECREST REHABILITATION SUITES and THI OF TEXAS, LLC be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendants, jointly and severally, for the following:

a.     An award of Plaintiffs' actual and special personal injury and economic damages within the jurisdictional limits of the Court, including but not limited to the compensatory and consequential damages pleaded herein;

b.     Plaintiffs' costs of Court;

c.     Pre-judgment and post-judgment interest at the highest rate(s) allowed by law;

d.     Statutory damages allowed by law, within the jurisdictional limits of the Court;

e.     Exemplary damages, within the jurisdictional limits of the Court;

f.     Mental anguish damages; and

g.     Such other and further relief, at law or in equity, to which Plaintiffs may be entitled and which this Court deems just and fair.

Respectfully submitted,

By: /s/ Patrick W. Powers
Patrick W. Powers
State Bar No. 24013351

patrick@powerstaylor.com
Ernest C. Tosh
State Bar No. 20146100
ernest@powerstaylor.com

**POWERS TAYLOR LLP**
8150 North Central Expressway, Suite 1575
Dallas, Texas 75206
214-239-8900 – Office
214-239-8901 – Fax

**ATTORNEYS FOR PLAINTIFFS**